*Wool v. Menard*, No. 241-4-17 Wncv (Teachout, J., Dec. 15, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| Washington Unit | Docket No. 241-4-17 Wncv |

**KIRK WOOL**
    **Plaintiff**

    **v.**

**LISA MENARD**
    **Defendant**

## DECISION
### Defendant's Motion to Dismiss, filed September 11, 2017
### Plaintiff's Motion to Dismiss, filed November 13, 2017

Plaintiff, an inmate in the custody of the Defendant Commissioner of the Vermont Department of Corrections, filed this suit to challenge the Vermont Department of Corrections' use of an assessment device in his classification and/or programming. He claims that the device was intentionally used to produce a fraudulent result to justify prolonging his incarceration or preventing parole.

Defendant filed the above-referenced Motion to Dismiss in which she argued several legal bases for dismissal, and memos were filed. Prior to any decision on Defendant's Motion, Plaintiff then filed the above-referenced Motion to Dismiss Without Prejudice.

Plaintiff asserts that he raised this claim in an earlier filed suit in Washington Superior Court. That case evidently was removed to federal court where it eventually was dismissed. It is unclear whether any state claims remained following dismissal, but proceedings did not then resume in the state case.

Plaintiff then filed this new case, raising the same issue: fraudulent use of the assessment device. Plaintiff now seeks to voluntarily dismiss this case without prejudice. He notes that he has the same claim also pending in yet another case that was filed in Chittenden Superior Court in 2014 and remains pending.

Defendant argued many bases for dismissal in her Motion, but she has not argued that the earlier filed Washington case or federal dismissal decision have any preclusive effect on this case. She also has not sought dismissal on the basis that there is apparently duplicative litigation that has been underway in Chittenden Superior Court at all relevant times.

She also has not objected to the request for dismissal without prejudice. Because Defendant has not opposed Plaintiff's Motion, it is granted. The court takes no position on whether this voluntary dismissal may or may not have any prejudicial effect on any other

litigation.

Dismissal of this case without prejudice renders Defendant's Motion moot.

Accordingly,
1. Plaintiff's Motion to Dismiss Without Prejudice is *granted,* and
2. Defendant's Motion to Dismiss is *moot.*

Dated at Montpelier, Vermont this _____ day of December 2017.

_____
Mary Miles Teachout
Superior Judge

2